# EXHIBIT 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RANDALL CALLAHAN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al. and UNITED NETWORK FOR ORGAN SHARING et. al.<br><br>Defendants. | Civil Action No. 1:19-cv-1783-AT<br>D. Mass MBD No. |

## DECLARATION OF ALEXANDRA K. GLAZIER

I, Alexandra K. Glazier, declare and state as follows:

1. I am President and CEO of New England Donor Services, Inc. ("NEDS"), the non-profit entity that operates New England Organ Bank, Inc., the Organ Procurement Organization ("OPO") for the six-state New England Region. OPOs are a component of the Organ Procurement Transplant Network ("OPTN"), a public-private partnership that links all professionals involved in the U.S. organ donation and transplantation system. Under contract with the U.S. Department of Health and Human Services, the United Network for Organ Sharing (UNOS"), a non-profit entity administers the OPTN.

2. The Board of Directors of the OPTN consists of over 40 volunteer members from the donation and transplant communities and related stakeholders. I have voluntarily served in positions with the OPTN and UNOS including as an elected member of the Board of Directors of UNOS and the OPTN.

3. I am not currently a member of the Boards of Directors of the OPTN or UNOS.

4. I am not currently the Chair of the Policy Oversight Committee.

5. I was not a member of the Board of Directors of the OPTN or UNOS in December 2018 when the Accuity Circles Liver Policy ("Policy") was approved by the OPTN Board. I did not attend the December 2018 Board meeting and I had no vote on the Policy.

6. I was not the Chair or even a member of the Policy Oversight Committee in 2017 or 2018 when any of the liver allocation policies were being debated or approved. I served as Chair of the Policy Oversight Committee for one term, from July 1, 2019 through June 30, 2021 – after the Accuity Circles Liver Policy was approved by the Board and after the Plaintiffs filed this lawsuit.

7. I served on the OPTN and UNOS Board from July 1, 2016-June 30, 2018, as the nationally elected OPO representative and from July 1, 2019-June 30, 2021 as the regionally elected Region 1 Representative.

8. In my capacity as a Board member in 2017, I voted *in favor* of the DSA-Liver Policy that was approved by the Board on December 4, 2017.

9. I have never been affiliated with the New York OPO, the Interveners in this case, or their counsel at Bois Schiller.

10. The organization I lead, NEDS does not coordinate organ donation in any part of New York.

11. In 2018, NEDS was a client of Plaintiffs' counsel, Jones Day. Plaintiff's lead counsel, Glenn Krinsky worked directly with me on a regulatory matter related to the geographic service area of NEDS. As counsel for NEDS on this matter, Mr. Krinsky was personally aware that neither the organization nor I had any affiliation with New York or the Intervenors. Through that legal representation, Mr. Krinsky was also aware through conversations we had in 2018 that I was advocating for broader distribution allocation policies which he appears to be using to single me out in this case despite dozens of other national leaders advocating for the very same broader distribution allocation reforms.

12. I have advocated for broader distribution policies because I believe organs are a national resource and allocation policies should prioritize patients over geography to the extent feasible.

13. I do not personally benefit from broader distribution policies.

14. New England Donor Services does not benefit financially from broader distribution policies.

15. I do not support Donor Service Area ("DSA")-based allocation as a matter of sound public policy, however, I have never taken a position that DSA-based policies are "per se illegal" as demonstrated by the fact that I voted in favor of the DSA-based liver policy in 2017 when I was a member of the OPTN Board.

16. Plaintiff's Sealed Supplemental Brief (ECF Doc. No. 249) references a private email from me in April 2017 to Brain Shepard, UNOS' CEO, that includes a flippant remark about certain transplant surgeons. This email was in the context of discussing a response to the article in a potential Letter to the Editor that I eventually authored and later was published. See Exhibit A. This letter stated that

2

organ allocation policies should not be used to try to address a broad variety of unrelated systemic social and healthcare delivery challenges faced in some states. I wish I had chosen different words in the private email remarks, but in substance, this does not reflect any regional bias on my part, UNOS or HHS. In fact, my point is that where in the country a patient is listed as a candidate should not significantly affect a patient's access to transplantation; allocation policy should minimize the impact of geography on a transplant patient's access to available organs. This communication was not about a specific OPTN liver policy proposal because none of the liver policy proposals – approved in December 2017 and December 2018 -- had even been developed at the time this email was sent. The content the Plaintiffs allege show regional bias was in fact nothing more than a sarcastic, flippant remark, an attempt at humor in a private email unrelated to any specific liver allocation policy.

17. To the best of my knowledge, I never made any similar flippant, sarcastic remarks to any HRSA or HHS representatives, nor am I aware of any communications with HHS/HRSA representatives regarding such. To the best of my knowledge HHS/HRSA representatives were completely unaware and not involved in the communications between Brian Shepard and me that are cited by plaintiffs in their Sealed Supplemental Brief.

18. To the best of my knowledge, I did not have any communications with HRSA or HHS personnel regarding the Accuity Circles liver policy approved by the OPTN Board in December 2018 that is the focus of this case.

19. My advocacy regarding allocation policies is based on my own professional opinion and they are not secret. I have been public in my support for reform of organ allocation in the form of moving away from DSA-based polices and towards broader, more patient-focused distribution policies in order to better serve patients.

20. I believe I am being targeted by Plaintiffs because I have effectively advocated for policy positions contrary to their own. I am shocked at the lengths they have gone to including making derogatory statements about me and my organization (NEDS) in court filings.

21. Plaintiffs ongoing pursuit of discovery directed at me personally is predicated on a series of false assertions plaintiffs have made to this court starting with a repeated false assertion that I am a "New York-Affiliated Individual," and the false assertion that I was Chair of Policy Oversight Committee at any time relevant to this case. Plaintiffs have also made false allegations that my organization or I would benefit from broader sharing. Plaintiff's counsel represented NEDS and worked with me personally. Based on this access and our communications, Plaintiffs' counsel are well aware that these assertions are demonstrably false. I believe the district court in Georgia allowed discovery related to me on the basis of these false assertions.

22. I am a non-party to this lawsuit and none of my opinions regarding allocation policy have any relevance to the legal claims at issue in this case brought under the APA and the due process clause of the U.S. Constitution. I hold no fiduciary or leadership position at UNOS or the OPTN and I have never held a fiduciary or leadership position at HRSA or HHS. I was not a decision-maker – "administrative" or otherwise -- regarding the Accuity Circles liver policy at issue in this case.

23. I respectfully seek the Court's protection from this continued professional harassment and the unethical attempt by plaintiff's counsel to damage both my reputation and the reputation of NEDS.

Signed under the pains and penalties of perjury, this 30th day of November 2021.

*Alexandra K. Glazier*
Alexandra K. Glazier